UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. ~~22-mj-22-2 (RMM)~~ |
| : | 23-239 (CKK) |
| HEATHER RHIANNON MORGAN, : | |
| : | |
| Defendant. : | |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

*WHEREAS*, a written plea agreement was filed with this Court and signed by defendant Heather Morgan, and her counsel, Eugene V. Gorokhov and Charles Burnham, in which the defendant agreed to plead guilty to a Criminal Information charging, Count Two, Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 371, and Count Three, Conspiracy To Defraud the United States, in violation of Title 18, United States Code, Section 371, and the defendant has pled guilty to those offenses;

*WHEREAS*, the Criminal Information alleged the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Criminal Information also alleged the forfeiture of the specific properties listed in Attachment A hereto;

*WHEREAS*, the Criminal Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two, which property is subject to

1

forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, in her plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment in the amount of $72,618825.60 at sentencing;

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two to which the defendant is pleading guilty, is subject to forfeiture; and (2) the specific property identified above is subject to forfeiture, and the Government has established the requisite nexus between the property and the offenses; all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $72,618825.60 is appropriate, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, the United States has agreed to credit the net proceeds it realizes from the forfeiture of the specific property identified above, to this money judgment upon its final forfeiture to the United States;

**WHEREAS**, the United States has agreed to credit the net proceeds realized by the United

States collected from the defendant Ilya Lichtenstein pursuant to any forfeiture order issued in *United States v. Ilya Lichtenstein*, D.D.C. No. 22-mj-22-1, towards the forfeiture money judgment issued against the defendant in this case;

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

**WHEREAS**, the defendant has admitted that proceeds she personally obtained have been dissipated by her and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two to which the defendant is pleading guilty. The specific properties listed in Attachment A hereto are declared forfeited to the United States.

2. A forfeiture money judgment in the amount of $72,618825.60 is entered against the defendant and in favor of the United States. Upon final forfeiture of the specific property identified in the previous paragraph to the United States, the net proceeds realized by the United States shall be credited to this forfeiture money judgment. The net proceeds realized by the

United States collected from the defendant Ilya Lichtenstein pursuant to any forfeiture order issued in *United States v. Ilya Lichtenstein*, D.D.C. No. 22-mj-22-1, shall be credited towards this forfeiture money judgment issued against the defendant in this case.

3. The Court finds that proceeds that the defendant personally obtained as a result of the offenses to which she has pled guilty have been dissipated by her and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant, and shall be made part of the sentence and included in the judgment.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this ____3____ day of ___August___, 2023.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BY: /s/ Christopher B. Brown
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

/s/ Jessica Peck
Jessica Peck, N.Y. Bar Number 5188248
C. Alden Pelker, Maryland Bar
Trial Attorneys, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 353-9455 (Peck)
(202) 616-5007 (Pelker)
Jessica.Peck@usdoj.gov
Catherine.Pelker@usdoj.gov

_____
Heather Rhiannon Morgan
Defendant

_____
Eugene V. Gorokhov
Charles Burnham
Counsel for Defendant

## ATTACHMENT A

a. Approximately 94,643.29837084 in Bitcoin (BTC) (after required fees) seized from wallets recovered from Defendants' online storage account and contained in the recipient virtual currency addresses of the following transactions:

| |
|---|
| 6e0d701ac2ea3ad87fc8bcaa786b994aa943f5eb9a67a1e345769bb090bf5b9e |
| afdfeeadb9f0a4691cbb8ace33a7c24c052b3608c4c8cc2e25afe053926b6389 |
| 77ad70fadfbbad5191c47c951469095ca845006f25fe9814f30f2853af367459 |
| c49ff6bd054fb386cd02fc94ca34b8773229ed8a5538e023ef7bea772d70c17a |
| 9d06994238d0de958033f42db39a6d2cc0de35e84be0ed080e41f017f02dffb3 |
| ed1812e8310bb25fbd138aae17be738ad3fa20e0783a8598c8dea56d3be5dad7 |
| ee56a9957f1f6166440bea01d0c0c29e4cec6230bb8231eced6ba844bb095d2a |
| c250725cfc9671d3849a3e85343ec5f3d045f805d002e56725c8ea2aebb9131a |
| b0aa2d76fd9463da6a7aff59e37d7ebf7b6aa1b660de2b2e9ab7755cf6f60ac3 |
| b18e40d96906b7b17f337ad6250f0c5aa9db934988321253741 02dd2f5e0ed47 |
| 8e5102edd876f71e3482b7602dd9141fbce3ac869fba55a757b4354c70536f34 |
| 11bae40ae4315a1e8f7d9a8df676db6bdb497b153711d1bf7952c540ed1a5966 |
| e6088723889de70fa985e7b8c012c77ea693a6ef9379fb26a951a2bb5c722525 |
| 3fe798be890c7db8beaca9d005cd650e787b1b16bc5e47eef26bfa87124b6a95 |
| d006075f40136ea7733aec2d6f32c31abc09f779de01a33e7e07804907d339c7 |
| 8e53ca8952fbf2d1a272ab376555a1ccee1ff0bcab0747a8c91b0ccfc77cc3fb |
| 97e4eb7ca5d0b2b6d501a53478486d5ed75ce58d1204c6036f25b33439d48627 |
| 658a550600e814f7bf7d032b7984912857f37c96a68e4dd3eb1dce4fc774e26f |
| 98281f388a4441d7bb00537e65b1a4581dcaddd3606fc09f6cf19598343be34d |
| d1dbc472abe47902aa71e639ba2feb2098b474ab20b853168ecdb0d87ce02955 |
| 61594a56cd2ef501cdb55b9037cd5785d1ad2eedfb1a4fab7ded50b1052a0650 |
| b7bf853fd6eb27f66963d219d29b85e13796e315473b7c08484335a0b0da7669 |
| 9af41957244e97e70378a7afd2d41b73d0a64d94c9b2df9049c29dd1919741cb |

b. Approximately 117,376.52651940 in Bitcoin Cash (BCH) (after required fees) seized from wallets recovered from Defendants' online storage account and contained in the recipient virtual currency addresses of the following transactions:

| |
|---|
| c29fb28633a9bee7720f7ec021c2441dc6a2289c92e887ac5214c35d49314379 |
| 0b9013f818de45ddfa9068f54f8513f15ae35bd711054d119b483a791c750684 |
| 0ae0e3c0db61a2542015164bdcead1636c614bdd5bf51b9537c5b8312db2b84a |
| 16e1ba9b30fd5c86c9dd4ef3967105c2fbfe7ed9f510900b8acd7f7a0a9cdbd8 |
| 2544551e053688217ececb544bdc065d502db4ff4f227053fa25cc41be907541 |
| 4f24389c09897d50239d0be3ec39044160f65985cfb3fdf11d117a8fa39aaa24 |

6

| |
|---|
| 6ad1a5ef2ed573b010e7ab32b395bed32142c07bf8bb67534880bbb03591215d |
| 7278e247fc3c7bfa81732ba63c628fe30cb160ec9b7fa357a5dcff8a2f6738e3 |
| 739b58b49039856f8db1da64c713372e04c4e09f9ca32437b639b4d37aad920b |
| 7570b746ecd24f66eb754e100f79c5259e9eecb0c7a0188e6cf5ee84f76d9b21 |
| 7cbd6e7161bbcb80865ef855128bbe1cdeb1e6b87788a99c2559046294bc898f |
| e308fc1199a044f613578e365313008762b8b779b3d92191e6e6ba9a6f5e2182 |
| f8efc360fcd7d6f27b9f7e51911f361b94cb1ff2734be5e301b3cacedda9481e |

    c. Approximately 117,376.58178024 in Bitcoin Satoshi Version (BSV) (after required fees) seized from wallets recovered from Defendants' online storage account and contained in the recipient virtual currency addresses of the following transactions:

| |
|---|
| 2cf808c73bda45a6ee1c266c60da50f01250d9452f7b51e1caaf3ecec605b416 |
| a0ede2c37597976de79a67db2096b3d8f7a4f60f357c09953a7342ad1948b4b5 |
| 6b46c0067f786acf4f5a1925f12b9860ad61817829f30fefd898ad0c3bbaeaf0 |

    d. Approximately 118,102.03258447 in Bitcoin Gold (BTG) (after required fees) seized from wallets recovered from Defendants' online storage account and contained in the recipient virtual currency addresses of the following transactions:

| |
|---|
| a4ba827e99c6cef43ff590457671b63c0d52b2c215797e67c81fc168f499932c |
| 97263227ea621461f3d22132c3e7562b0e401853fd4aced1db1b34aba1a65ab4 |
| 41ad49ad96dfd64eb0293484d4953ccbff7d70839e4c7b75db472c5553db1532 |
| d6e8f7d9aac687cac9af801b4b38cbc8e71db2f21d41f0a6e0d8052d8087456b |
| c2d69e0a0090f201a29d6afb3655b7118b2282146abf64b044481ed99eb2fa27 |
| ec3e2b93e7f7be50bb827ebfd366e2e1f4627dd8ed4550427ec793a3ea20187c |
| 2aa7dbb29d707fb1150c13d1ee6a0a17eeef7326116251cb5d13081fcd297ad8 |
| 70ed72a2c1e2d828f314f5bb327b0e03421bf854c4aba3ea9393258af6fba044 |
| c656cd61fce6c3aebeb0f20818d5d092c04c379d3fc72e3ec7e4f019f71a40ec |
| 2238af7a93f797a32ea20492fffa5e27b4d425c46ee7cb0e4fa262e2cddf3142 |
| ec2f4d2e7c13f19657ad4559a9bfd254437989f0f45e8993a17d84c374ecb02f |
| 5e26b7706b1c53b49d99ac1f501971b3d62c6d7e0ba6a01c9791e0d675cfb6e7 |

    e. Approximately 29,016.98 in Monero (XMR) contained within wallets accessible via private keys contained within the Defendants' online storage account;

    f. Stolen virtual currency contained within the following wallets: 0x8CE693CB0626924583931F25f50AF8fC1C6517F0, which holds

7

   approximately 8.56 Ether (ETH) and approximately 4,507.99 USD Coin (USDC), as well as various other ERC-20 tokens; 0x331865e142ACA526B9f75464A2B597ECdaCAF557, which holds approximately 13.88 ETH, approximately 6,656,048 Aave USDC (aUSDC), and approximately 120 Wrapped Ether (WETH), as well as various other tokens; and 0x3b2Cd27cE5a8633160bC7875B35009f010a51B21, which holds approximately 80 WETH, and approximately .39 ETH.

g. Approximately .879544 Curve DAO tokens contained within the following address: 0x612e5774af05cef0626f429d876a315bbdb794fac8fe361ba1d4a01cb3db86a4;

h. Approximately 1,999,723.976 in Tether (USDT) contained within Yearn Finance Liquidity Pool address 0xaC848276B10B2364fA06C206EE1D059acCD17412, approximately 3,689,545.195 USDT contained within Yearn Finance Liquidity Pool address 0xE2F699AB099e97Db1CF0b13993c31C7ee42FB2ac, and approximately 1,700,000 USDT contained within Yearn Finance Liquidity Pool address 0x6811c26b566e9582B68255B2225917AF96dd8Ec2;

i. Assorted U.S. and Canadian gold coins excavated and recovered by law enforcement from LOCATION 1, a premises in California known to the Defendants and the Government;

j. Approximately 2,818.199 BTC (after required fees) seized from wallets recovered from Defendants' online storage account;

k. Approximately 12,267.025 BTC (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

l. Approximately 1,155.901 BTC (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

m. Approximately 901,014 in USDC (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

8

n. Approximately 290,729 USDT (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

o. Approximately 5,990 USDT (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

p. Approximately 1000.06 in Ether (ETH) (after required fees) seized from wallets recovered from Defendants' online storage account;

q. Approximately 1,030,436.50 in aUSDT cryptocurrency (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

r. Approximately 17,572,068.53 in aUSDC cryptocurrency (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

s. Approximately 3,542,129.56 in Yearn Vault USDT (yvUSDT) cryptocurrency (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

t. Approximately $228,266.02 seized from JPMorgan Chase bank account number 877916952;

u. Approximately 7.998 BTC (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

v. Approximately 1,770.049 ETH (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

w. Approximately 264.863 BTC (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

x.  Approximately $352,381.55 seized from Wells Fargo bank account number 5361262370;

y.  Approximately 0.196 BTC (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

z.  Approximately 1,401.567 ETH (after required fees) seized from wallets recovered from Defendants' online storage account;

aa. Approximately 1,866.624 ETH (after required fees) seized from wallets recovered from an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005;

bb. Approximately $2,460,375 seized from the Flagstar bank account corresponding to Signature Bank account number 1503814168; and

cc. Approximately 1,066 in WETH (after required fees) seized from wallets recovered from Defendants' online storage account and an external hard drive recovered from the Defendants' residence at 75 Wall Street, Apartment 33M, New York, NY 10005.