UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-239 (CKK) |
| | : | |
| ILYA LICHTENSTEIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION FOR AMENDED
PRELIMINARY ORDERS OF FORFEITURE**

The United States of America, by and though the United States Attorney for the District of Columbia, respectfully moves this Court pursuant to Fed. R. Crim. P. 32.2(b)(2) for entry of an Amended Preliminary Order of Forfeiture for each of the defendants, Ilya Lichtenstein and Heather Morgan. These amended orders are otherwise identical to the Consent Preliminary Orders of Forfeiture entered for each defendant at the time of sentencing, *see* ECF Nos. 99 (Lichtenstein), 104 (Morgan); except that the amended orders (1) add additional specific properties which the government has seized and recovered following the defendants' plea hearings; and (2) remove the forfeiture money judgment included in the original consent orders, for reasons outlined in the sentencing memorandum for each defendant. The defendants remain liable for the forfeiture of any property involved in or constituting proceeds of their money laundering conspiracy.

**ARGUMENT**

**A. Property Subject to Forfeiture Includes Proceeds and Property Involved in the Money Laundering Conspiracy**

As part of their plea agreements, the defendants pled guilty to offenses including Count One of the criminal Information, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (for Lichtenstein); and Count Two, Money Laundering Conspiracy, in violation of 18 U.S.C. § 371 (for Morgan). Under the relevant statutes, the defendants' plea agreements, and their

1

Consent Orders of Forfeiture, the Court is required to forfeit "any property, real or personal, involved in" Lichtenstein's money laundering conspiracy, "or any property traceable to such property," 18 U.S.C. § 982(a)(1); and "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" Morgan's money laundering conspiracy, 18 U.S.C. § 981(a)(1)(C).

The "proceeds" of an offense are defined by statute as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 982(a)(2)(A). The proceeds of a crime include any "property that a person would not have but for the criminal offense." *United States v. Coffman*, 859 F. Supp. 2d 871, 875 (E.D. Ky. 2012); *see also United States v. DeFries*, 129 F.3d 1293, 1313 (D.C. Cir. 1997) (adopting but-for test for "the requirement of a nexus between the targeted property and the [criminal offense]"). Forfeiture of proceeds includes any appreciation in the price of assets that a defendant acquired through criminal activity, because any appreciation is still "derived from" the original proceeds. *See, e.g.*, *United States v. Afriyie*, 929 F.3d 63, 73 (2d Cir. 2019) (holding that "proceeds" includes "the appreciation of funds acquired through illegal transactions in an insider-trading scheme," because, under the plain text of the forfeiture statute, "such funds are 'derived from proceeds traceable' to the offense") (quoting 18 U.S.C. § 982(a)(1)(C)); *United States v. Betancourt*, 422 F.3d 240, 244, 250 (5th Cir. 2005) (holding that "proceeds" includes winning lottery ticket purchased with proceeds from the sale of cocaine, and explaining "[t]hat [the defendant] used his drug proceeds to generate a very large return by winning the Texas lottery is of no import in the forfeiture analysis").

Property "involved in" a money laundering offense "includes the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (internal quotation omitted). "The statute sweeps broadly because 'money laundering largely depends upon the use of legitimate monies to advance or facilitate the scheme.'" *United States v. Bikundi*, 926 F.3d 761, 793 (D.C. Cir. 2019) (quoting *Puche*, 350 F.3d at 1153). While the D.C. Circuit has not definitively construed the scope of money laundering forfeiture under § 982(a)(1), it has observed that "other circuits have held that funds 'involved in' money laundering include those that 'facilitate' the money laundering scheme, which encompasses unlaundered funds when they are transferred 'in order to conceal the nature and source' of fraudulent proceeds." *Id.* (quoting *Puche*, 350 F.3d at 1153).

Here, the amended forfeiture orders list specific properties that are derived directly or indirectly from Lichtenstein's 2016 hack of Bitfinex, and which represent the proceeds of and property involved in the defendants' money laundering conspiracy. Subsequent to the defendants' plea hearings, the defendants have cooperated in the recovery of certain additional properties derived from the hack, including by unwinding certain cryptocurrency investments to make those assets available for forfeiture. These additional properties are reflected in the Amended Consent Orders of Forfeiture for each defendant.

B. **The Government Is Not Seeking a Forfeiture Money Judgment**

As outlined in the government's sentencing memoranda, the government is no longer seeking entry of a forfeiture money judgment. "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). As then-U.S. District Judge Ketanji Brown Jackson

3

explained in *United States v. Young*, 330 F. Supp. 3d 424 (2018), the purpose of a forfeiture money judgment is to ensure that "a convicted criminal defendant should not be able to evade the economic impact of criminal forfeiture by rendering the forfeitable property unavailable." *Id*. at 432. Money judgments are often used "when there is some known, forfeitable asset—e.g., the proceeds of, or other property derived from the proceeds of, an established criminal offense—that the defendant should possess but that the government has not been able to recover because the defendant has made it unavailable." Id. at 433.

In this case, the government has seized specific properties with an approximate current market value of $7.6 billion, and it anticipates returning most if not all of those assets to Bitfinex and/or other potential owners through restitution and the third-party ancillary proceeding discussed above. The value of those specific properties will vastly exceed the $72,618,825.60 forfeiture money judgment contained in the original Consent Preliminary Order of Forfeiture. Accordingly, the government believes the forfeiture money judgment will not be necessary to effectuate the forfeiture of the defendant's illegal proceeds or the return of the stolen assets to their rightful owners.

### C. Potential Claimants Will Have Opportunity To Assert Claims Over Forfeited Properties During Third-Party Ancillary Proceeding

As further outlined in the government's sentencing memoranda, entry of the Preliminary Order of Forfeiture at sentencing will extinguish any claim the defendants have in the specific properties subject to forfeiture. *See United States v. Petlechkov*, 72 F.3th 699, 705 (6th Cir. 2023) ("The first part of the process—which focuses on the defendant's interest in the property—ends with the entry of a preliminary forfeiture order. . . . The order then becomes final when the defendant is sentenced (or sooner, if the defendant consents). When the order becomes final, the

4

defendant's interest in the property is extinguished, and the government receives 'clear title to the property that is the subject of the order of forfeiture.'") (quoting 21 U.S.C. § 853(n)(7)).

Following sentencing, third parties who intend to assert claims over the forfeited properties will have an opportunity to do so in the third-party ancillary proceeding, pursuant to Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n). The government will "publish notice of the [forfeiture] order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). Third parties asserting ownership interest over the forfeited property will then have an opportunity to file claims and have those claims adjudicated by the Court:

> Once the court or jury finds that the property is subject to forfeiture, and the court enters a preliminary order of forfeiture in accordance with Rule 32.2(b)(2), the government may publish notice of the forfeiture to third parties and commence an ancillary proceeding. The burden of proof is on the third party to demonstrate that he falls within one of two categories of third party claimants described in § 853(n)(6). To succeed, third parties must prove by a preponderance of the evidence that either (1) they had an interest in the property at the time of the offense that is superior to the government's interest; or (2) they acquired the interest after the offense as a bona fide purchaser for value. If the third party meets the burden of proof, the court will amend the preliminary order of forfeiture. Once the third party hearings have been held, or time for filing third party claims has passed, the government has clear title to the property forfeited.

*United States v. Wittig*, 525 F. Supp. 2d 1281, 1287-88 (D. Kan. 2007) (citations omitted). The government will update the Court after it issues notice pursuant to Fed. R. Crim. P. 32.2(b)(6)(A).

## **CONCLUSION**

For the foregoing reasons, the government requests that the Court enter the attached Amended Preliminary Orders of Forfeiture for both defendants.

                Respectfully submitted,
                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
                Christopher B. Brown, D.C. Bar No. 1008763
                Special Assistant United States Attorney
                Jolie F. Zimmerman, D.C. Bar No. 465110
                Assistant United States Attorney
                U.S. Attorney's Office for the District of Columbia
                601 D Street, N.W.
                Washington, DC 20530
                (202) 353-0018 (Brown)
                (202) 252-7220 (Zimmerman)
                Christopher.Brown8@usdoj.gov
                Jolie.Zimmerman@usdoj.gov

                */s/ Jessica Peck*
                Jessica Peck, N.Y. Bar Number 5188248
                C. Alden Pelker, Maryland Bar
                Trial Attorneys, U.S. Department of Justice
                Computer Crime & Intellectual Property Section
                1301 New York Ave., N.W., Suite 600
                Washington, D.C. 20005
                (202) 353-9455 (Peck)
                (202) 616-5007 (Pelker)
                Jessica.Peck@usdoj.gov
                Catherine.Pelker@usdoj.gov