UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-239 (CKK) |
| | : | |
| **ILYA LICHTENSTEIN**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE

**WHEREAS**, a written plea agreement was filed with this Court and signed by defendant Ilya Lichtenstein ("Defendant Lichtenstein"), and his counsel, Samson Enzer, Anirudh Bansal, Connor O'Shea, and Angela F. Collins, in which Defendant Lichtenstein agreed to plead guilty to a Criminal Information charging, Count One, Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h), and Defendant Lichtenstein has pled guilty to those offenses;

**WHEREAS**, a written plea agreement was filed with this Court and signed by defendant Heather Morgan ("Defendant Morgan"), and her counsel, Eugene V. Gorokhov and Charles Burnham, in which Defendant Morgan agreed to plead guilty to a Criminal Information charging, Count Two, Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 371, and Count Three, Conspiracy To Defraud the United States, in violation of Title 18, United States Code, Section 371, and Defendant Morgan has pled guilty to those offenses;

**WHEREAS**, the Criminal Information alleged the forfeiture of any property, real or personal, involved in the offense alleged in Count One against Defendant Lichtenstein, and any property traceable to such property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

1

*WHEREAS*, the Criminal Information alleged the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two against Defendant Morgan, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Criminal Information also alleged the forfeiture of specific properties now listed in Amended Attachment A;

*WHEREAS*, the Criminal Information further alleged that the United States will seek a forfeiture money judgment against Defendant Lichtenstein and in favor of the United States for a sum of money equal to the value of any property, real or personal, involved in the offense alleged in Count One, and any property traceable to such property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

*WHEREAS*, the Criminal Information further alleged that the United States will seek a forfeiture money judgment against Defendant Morgan and in favor of the United States for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, following entry of Defendant Lichtenstein's and Defendant Morgan's guilty pleas, the government has transferred and/or recovered properties which constitute or are derived from proceeds traceable to a violation of the offense alleged in Count One as to Defendant Lichtenstein and Count Two as to Defendant Morgan, and which are listed in Amended

Attachment A hereto;

*WHEREAS*, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including Defendant Lichtenstein's and Defendant Morgan's plea agreements, that (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offenses to which each defendant pleaded guilty, is subject to forfeiture; and (2) the specific property identified in Amended Attachment A is subject to forfeiture, and the government has established the requisite nexus between the property and the offenses; all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

*WHEREAS*, Defendant Lichtenstein and Defendant Morgan have admitted that proceeds they personally obtained have been dissipated by them and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court; and

*WHEREAS*, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED***:

1.      That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(1): any property, real or personal, involved in the offense alleged in Count One to which Defendant Lichtenstein pleaded guilty, and any property

traceable to such property. The specific properties listed in Amended Attachment A hereto are declared forfeited to the United States.

2. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense alleged in Count Two to which Defendant Morgan pleaded guilty. The specific properties listed in Amended Attachment A hereto are declared forfeited to the United States.

3. The Court finds that proceeds that Defendant Lichtenstein and/or Defendant Morgan personally obtained as a result of the offenses to which they have pleaded guilty have been dissipated by them and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and Defendant Lichtenstein's and Defendant Morgan's consent, this Order of Forfeiture is now final as to Defendant Lichtenstein and Defendant Morgan and shall be made part of their sentences and included in their judgments.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this _____ day of _____, 2024.

_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE