```
1                        UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLUMBIA
2

      *  *  *  *  *  *  *  *  *  *  *  *  *  *     )
3     UNITED STATES OF AMERICA,                    )      Criminal Action
                                                   )      No. 23-00239-CKK
4                       Plaintiff,                 )
                                                   )
5        vs.                                       )
                                                   )
6     ILYA LICHTENSTEIN,                           )      Washington, D.C.
                                                   )      November 14, 2024
7                       Defendant.                 )      2:06 p.m.
                                                   )
8     *  *  *  *  *  *  *  *  *  *  *  *  *  *      )

9
                       EXCERPTS FROM THE SENTENCING HEARING
10              BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
                    UNITED STATES SENIOR DISTRICT JUDGE
11


12
      APPEARANCES:
13
      FOR THE GOVERNMENT:        JESSICA PECK, ESQ.
14                               U.S. DEPARTMENT OF JUSTICE
                                 1301 New York Avenue, Northwest
15                               Suite 655
                                 Washington, D.C. 20005
16
                                 CATHERINE PELKER, ESQ.
17                               CHRISTOPHER BROWN, ESQ.
                                 U.S. DEPARTMENT OF JUSTICE
18                               950 Pennsylvania Avenue, Northwest
                                 Washington, D.C. 20005
19
                                 JOLIE ZIMMERMAN, ESQ.
20                               UNITED STATES ATTORNEY'S OFFICE
                                   FOR THE DISTRICT OF COLUMBIA
21                               601 D Street, Northwest
                                 Washington, D.C. 20530
22
      FOR THE DEFENDANT:         SAMSON ENZER, ESQ.
23                               KIERSTEN A. FLETCHER, ESQ.
                                 JASON M. ECKER, ESQ.
24                               CAHILL, GORDON & REINDEL, LLP
                                 32 Old Slip
25                               New York, New York 10005
```

```
 1      REPORTED BY:            LISA EDWARDS, RDR, CRR
                                Official Court Reporter
 2                              United States District Court for the
                                  District of Columbia
 3                              333 Constitution Avenue, Northwest
                                Room 6706
 4                              Washington, D.C. 20001
                                (202) 354-3269
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1          (REPORTER'S NOTE:  THE FOLLOWING CONTAINS EXCERPTS FROM THE

2           SENTENCING HEARING AS REQUESTED:

3                         *  *  *  *  *  *  *  *  *  *

4               THE COURT:  There are two things that I want to

5     clarify before we proceed.  One is the forfeiture orders.

6     As I understand it, there was an original one.  There was an

7     amended one which I signed October 25th.  And I believe

8     there is one new additional one.  Is it one or two

9     additional ones?  I just want to clarify.

10              MS. PECK:  We have one new amended order of

11    forfeiture for your Honor.  And apologies.

12              THE COURT:  Has that one been consented to by

13    Mr. Lichtenstein and Ms. Morgan or not?

14              MS. PECK:  Yes.  Counsel for both Defendants did

15    not oppose our filing the amended order.

16              THE COURT:  Is there something on the record that

17    says that?  I may have missed it, but I didn't see it.

18              MS. PECK:  I believe it's in our motion.

19              THE COURT:  I'll go back and take a look.  But I

20    want to make sure on the record we indicate whether or not

21    there's any consent or opposition.  And then I'll of course

22    go ahead.

23              The second -- while you're there, the second is,

24    you have filed a request to delay the restitution hearing,

25    which is not a problem.  I can do that.  What I will do is
```

1    at the end of sentencing is pick a particular day; and I

2    would be inclined, having looked at it and seen what papers

3    have been filed, it sounds as if they're contested.  So I

4    may set a briefing schedule.  So remind me to do that in

5    terms of if there's questions about the validity of any of

6    the particular claims.

7                So I will go ahead and grant that, and I'll pick a

8    date at the end.

9                MS. PECK:  Yes, your Honor.

10                THE COURT:  The other question related to that is,

11    I'm assuming that -- what I think you have said is the

12    self-identified persons that are doing victim impact, they

13    would be the ones that would be discussed at the restitution

14    hearing.  Is that correct?

15                MS. PECK:  Yes, potentially.

16                THE COURT:  Okay.

17                MS. PECK:  And I think your Honor was notified we

18    do have two people in the audience today, one from Bitfinex,

19    Barry Berke of Gibson Dunn, who's representing Bitfinex.  We

20    also have Nathanael Andrews from Perkins Coie, in case your

21    Honor wanted to hear from them on the restitution issue.  It

22    sounds like we're going to be pushing that out.

23                THE COURT:  My feeling would be to -- I mean,

24    certainly the crime makes it quite clear what the company

25    suffered.  So the question is whether they get any

1    additional sum, whether they get restitution.  So I would

2    prefer to do it as part of the restitution hearing, where

3    there seems to be, reading the papers, some dispute as to

4    whether legally they're entitled.

5              So I would like that briefed so I can have an

6    intelligent -- an informed restitution hearing about

7    people's claims and make sure that I have all of the

8    information, which of course they would have an opportunity

9    to also -- whoever is making a claim would have a right to

10   fill it out, look at it legally, which is what I need to

11   have.  Looking through it, it's more factual for the most

12   part.  If that works.

13             Your colleagues wants to tell you something.

14             MS. PECK:  Apologies.

15             (Confers with co-counsel privately.)

16             The motion for the second amended forfeiture order

17   does not actually note the Defendant's consent.

18             So if we could potentially get your consent on the

19   record, that would be great.  Thank you.

20             THE COURT:  Okay.  So if you could indicate.  Why

21   don't we just take care of it while we're discussing it as

22   to whether there's consent to it.

23             MS. FLETCHER:  Yes, your Honor.  I'm happy to

24   confirm that Mr. Lichtenstein consents to the entry of the

25   second amended forfeiture order.

1          THE COURT:  Okay.  So can I contact, then, counsel

2    for Ms. Morgan and find out what her position is?

3          MS. PECK:  Absolutely.

4          THE COURT:  I'd prefer to get it in writing or we

5    can do something on the record.

6          MS. PECK:  We obtained it via email, but we'll

7    follow up this afternoon and have him send something forward

8    to the Court.

9          THE COURT:  However you want to do it.  I just

10   need to make sure I know whether there's consent or not.

11   The sentencing for Ms. Morgan is Monday.

12         MS. PECK:  And I'm being told that counsel for

13   heard Morgan is actually in the gallery, if you would like

14   to hear from him now.

15         THE COURT:  We can take care of it.

16         Sir, if you want to come up, identify yourself and

17   then just indicate to me your position one way or the other.

18         Good afternoon.

19         MR. GOROKHOV:  Good afternoon, your Honor.  Eugene

20   Gorokhov here for Ms. Morgan.

21         We consent to the order.

22         Thank you, your Honor.

23         THE COURT:  Then I'll go ahead.  It wasn't clear

24   to me whether -- in looking at the two things.  I wanted to

25   make sure I understood them correctly.

1                     * * * * * * * * * *

2                THE COURT:  You are ordered to make restitution to

3       the victim in this case in an amount to be determined.  I

4       will not include any interest.  The Court's waiving any

5       interest or penalties.  I'm finding that you don't have the

6       ability to pay a fine, and therefore waive imposition of a

7       fine in this case.

8                The financial obligations are immediately payable

9       to the Clerk of the Court for the U.S. District Court.

10               Within 30 days of any change of address, you'll

11      notify the Clerk of the Court of the change until such time

12      as any financial obligations are paid in full.

13               The probation office shall release presentence

14      reports to all appropriate agencies, which includes the U.S.

15      Probation Office in the approved district of residence, in

16      order to execute the sentence.  Treatment agencies shall

17      return the presentence report to the probation office on the

18      Defendant's completion or termination from treatment.

19               I will allow supervision to be transferred, if

20      that is appropriate, if he's living someplace else.  I am

21      not transferring jurisdiction, however.

22               We also have various forfeiture orders that the

23      Court has entered.  So is the forfeiture as I understand it

24      a forfeiture money judgment in the amount of -- is that

25      going forward or how are you doing this?  I can put it in

1      there with separate orders, if that's a better way of doing.

2              MS. PECK:  We've actually removed that from the

3      amended forfeiture order, your Honor.

4              THE COURT:  So what we have, then, is basically

5      the forfeitures that I will be signing, the very last one

6      that you produced.  Is that correct?

7              MS. PECK:  Yes, your Honor.  Thank you.

8              THE COURT:  The last thing is the notice of

9      appeal.  It's easier to discuss it in terms of what you

10     agreed to.

11              You agree to give up insofar as such waiver is

12     permitted by law the right to appeal the conviction in this

13     case on any basis, including, but not limited, to claims the

14     statute that's involved is unconstitutional or your conduct

15     doesn't fall within the scope of the statute.

16              So at this point, you've given up that right to

17     take a direct appeal.

18              However, if a higher court at a later point

19     determines that the statute and/or your conduct doesn't fall

20     within the statute as the statute's unconstitutional, then

21     you can take a collateral appeal to take advantage, assuming

22     it's retroactive of that new ruling.

23              At this point, the statute has been deemed

24     constitutional, and your conduct to fall within the statute.

25              You are also agreeing to waive the right to appeal

1    the sentence, which would include any term of imprisonment,

2    forfeiture, award of restitution, term or condition of

3    supervised release, authority of the Court to set conditions

4    of release and the manner in which the sentence was

5    determined.

6         The exceptions are if I sentence you above the

7    statutory maximum, which I did not, or the guideline range,

8    which I didn't either.

9         But notwithstanding these agreements, you retain

10   the right to appeal on the basis of ineffective assistance

11   of counsel, but not to raise on appeal other issues

12   regarding the conviction or sentence.

13        There are also restrictions that are in the plea

14   agreement that you have about collateral attacks other than

15   the one I just spoke about, which would be under 2255,

16   et cetera, where you're giving up that right except to the

17   extent if you -- if the motion is based on newly discovered

18   evidence or on a claim that you received ineffective

19   assistance of counsel.  And you did reserve the right if

20   there are changes in the guidelines to be able to file a

21   motion to have it apply to you retroactively.

22        If you do any kind of direct appeal, it has to be

23   filed within 14 days of entry of judgment or, if the

24   Government is filing an appeal, within 14 days after they

25   file it.

1              Again, if you can't afford the appeal, you can ask

2      for permission to file it without cost to you.  You can also

3      ask to have counsel appointed for you.

4              Under the *Hunter* decision, which was decided in

5      2016, I will ask if there's any objections, anything else

6      that needs to be brought up that has not been discussed that

7      needs to be.

8              Probation?

9              THE PROBATION OFFICER:  No, your Honor.  Thank

10     you.

11             THE COURT:  Government?

12             MS. PECK:  No, your Honor.

13             THE COURT:  Defense counsel?

14             MR. ENZER:  One moment, your Honor.

15             THE COURT:  I will add one other thing in terms of

16     the sentence, which is that he's to receive credit for time

17     served from February 8th of 2022.  And I can make a

18     recommendation to a particular place in the Bureau of

19     Prisons if you wish me to.

20             MR. ENZER:  One moment, your Honor.

21             THE COURT:  Sure.

22             MR. ENZER:  (Confers with the Defendant

23     privately.)

24             Your Honor, we would respectfully request that

25     Mr. Lichtenstein be designated -- a recommendation from the

```
 1      Court that the Bureau of Prisons designate him to FCI

 2      Otisville.

 3                THE COURT:  I missed that.

 4                MR. ENZER:  FCI Otisville, the prison camp there.

 5                THE COURT:  Okay.  I don't have a problem with

 6      that.

 7                MR. ENZER:  And that he be considered for the RDAP

 8      program to deal with his substance abuse.

 9                THE COURT:  One thing is, not all the places have

10      the RDAP program.  So one of the things you might do is --

11                Do you know, Probation, if Otisville has RDAP?

12                THE PROBATION OFFICER:  I don't know, your Honor,

13      off the top of my head.

14                THE COURT:  You might want to check.  The judgment

15      will probably be done tomorrow.  So if you want to check and

16      see, because if there's a conflict then the question is

17      which one you want.

18                MR. ENZER:  Will do, your Honor.

19                THE COURT:  And I would strongly suggest that you

20      provide some of the information if you want to to the Bureau

21      of Prisons.  That may be helpful.

22                MR. ENZER:  Will do, your Honor.  Thank you.

23                THE COURT:  So in terms of the forfeiture, I will

24      be signing the second amended one, which I have.

25                And in terms of setting a time for the restitution
```

1    hearing, do you have a time at this point or is this

2    something that you want to get back to me on?

3              MS. PECK:  Your Honor, we'll discuss and get back

4    to you very soon.

5              THE COURT:  I would ask if you can find out a time

6    that appears to be appropriate for everybody out the 90

7    days.  And then if you would also suggest a briefing

8    schedule, because it does look like there's some conflicts

9    about who's asking for the restitution.

10             MS. PECK:  Yes.  Absolutely, your Honor.

11             THE COURT:  In terms of the restitution hearing,

12   one question is, do you wish to have Mr. Lichtenstein

13   present?  We might be able to do it with Zoom, depending on

14   wherever -- wherever he is.  Sometimes they have Zoom;

15   sometimes they don't.

16             MR. ENZER:  Your Honor, we do not need

17   Mr. Lichtenstein to be physically present.  If there's Zoom,

18   great.  If not, no problem.

19             (End of requested excerpts.)

20

21

22

23

24

25

1                        **CERTIFICATE**

2

3              I, LISA EDWARDS, RDR, CRR, do hereby

4    certify that the foregoing constitutes a true and accurate

5    transcript of my stenographic notes, and is a full, true,

6    and complete transcript of the proceedings produced to the

7    best of my ability.

8

9

10             Dated this 16th day of November, 2024.

11

12             /s/ Lisa Edwards, RDR, CRR
               Official Court Reporter
13             United States District Court for the
                 District of Columbia
14             333 Constitution Avenue, Northwest
               Washington, D.C. 20001
15             (202) 354-3269

16

17

18

19

20

21

22

23

24

25