**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 23-cr-239 (CKK)** |
| | : | |
| **ILYA LICHTENSTEIN, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**CONSENT MOTION TO SCHEDULE RESTITUTION HEARING**

The United States of America, by and though the United States Attorney for the District of Columbia, respectfully moves this Court to schedule a restitution hearing for both defendants on February 21, 2025 (a date proposed by the Court), and to enter the attached briefing schedule. Counsel for both defendants consent in the motion and do not object to holding the hearing more than 90 days after defendant Ilya Lichtenstein's November 14, 2024 sentencing hearing.

1.     Pursuant to 18 U.S.C. § 3664(d)(4), "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

2.     On November 13, 2024, the government filed a notice with the Court and requested that the Court defer final determination of any victim's losses and the restitution order in this case for a period of 90 days, pursuant to 18 U.S.C. § 3664(d)(4).  ECF No. 171.

3.     On November 14, 2024, a sentencing hearing was held for defendant Lichtenstein. Consistent with the government's request, the Court announced that restitution would be imposed in an amount to be determined at a future restitution hearing.

4.     On November 18, 2024, a sentencing hearing was held for defendant Heather Morgan.  Similarly, the Court announced that restitution would be imposed in an amount to be determined at a future restitution hearing.

5.     The government understands that February 21, 2025 would be convenient to the Court and to the parties.  The government notes that this date would be 99 days after defendant Lichtenstein's hearing, and therefore exceed the 90-day deadline under § 3664(d)(5).  However, as the Supreme Court held in *Dolan v. United States*, 560 U.S. 605 (2010), the 90-day deadline under § 3664(d)(5) is a non-jurisdictional, time-related directive which does not deprive the Court of its power to order restitution if the deadline is missed.  *See id.* at 611; *see also United States v. Monzel*, 746 F. Supp. 2d 76, 82 (D.D.C. 2010) ("*Dolan* thus clearly held that the time limitations in § 3664(d)(5) do not deprive district courts of the power to order restitution."); *United States v. Williams*, 353 F. Supp. 3d 14, 17 n.3 (D.D.C. 2019) ("Here, both parties filed unopposed motions for extensions of time to submit their respective briefs regarding restitution beyond the ninety-day statutory deadline for determining restitution.  Neither party objects to restitution being determined after the statutory deadline.  As the parties have acknowledged, the failure to determine the amount of restitution within ninety days after sentencing does not deprive the Court of jurisdiction to impose restitution.").

6.     The government and defense counsel for both defendants recommend the following briefing schedule:

   a.   Jan. 14, 2025: Government's Supplemental Restitution Memorandum due.

   b.   Jan. 28, 2025: Third party Motions To Intervene or Objections by any third parties due.

   c.   Feb. 7, 2025: Response by defense due.

d.  Feb. 14, 2025: Reply by the Government due.

7.    Accordingly, the government requests that the Court enter the attached Proposed Order scheduling the restitution hearing and setting a briefing schedule on questions of restitution.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Special Assistant United States Attorney
Rick Blaylock, Jr., TX Bar No. 24103294
Assistant United States Attorney
Asset Forfeiture Coordinator
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 353-0018 (Brown)
(202) 252-6765 (Blaylock)

*/s/ Jessica Peck*
Jessica Peck, N.Y. Bar Number 5188248
C. Alden Pelker, Maryland Bar
Trial Attorneys, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 353-9455 (Peck)
(202) 616-5007 (Pelker)