UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEAVE TO FILE GRANTED
Judge Colla-Kotelly
Jan 29, 2025

**UNITED STATES OF AMERICA**

v. **Criminal No. 23-CR-239 (CKK) ILYA LICHTENSTEIN,** *et al.*

## Objection to ECF 202

I, Jonas Paasch, respectfully submit this objection to the "Government's Supplemental Motion Regarding Restitution." as a victim myself and someone in contact with several other victims.

The motion, referenced as ECF 202, falsely portrays the plea agreement, implying that "all" restitution should be directed to Bitfinex. This misrepresentation is alarming and deeply troubling for the victims. It fails to consider the context of restitution and the 1000s of rightful claims to be made. Whereas the plea agreement actually specifies no amount and references the MVRA first.

Whereas the honorable Judge has already clarified in the sentencing: *"the question is whether they get any additional sum, whether they get restitution. So I would refer to do it as part of the restitution hearing where there seems to be, reading the papers, some dispute as to whether legally they're entitled."*

Even thought, it is evident that theft without duration, by its very nature, cannot exist in isolation—inherently every theft is an act of laundering. The laundering directly and continuously harms the victims, ECF202 applies a false mutual subsidiarity, when assuming "a person directly and proximately harmed" and U.S.C. § 3663A(a)(2) doesn't apply to the victims, through circular reasoning around the limited indictment, when § 3663A(a)(2) alone can be met without indictment. While the indictment required for § 3663A(a)(1) only requires § 3663A (c)(B) (an indictment for an offense, in which "an identifiable victim or victims has suffered a physical injury or pecuniary loss.")

Furthermore, the case reference cited in this argument is misleading. In *United States v. Randle*, 324 F.3d 550, 556 (5th Cir. 2003), the victims' right to restitution was neither invalidated nor denied. Rather, the responsibility for restitution was partially allocated to Randle's co-conspirators, who were directly involved in issuing and possessing the counterfeit checks. This precedent does not support any argument for denying restitution to victims.

I respectfully request that the Court reject the flawed and illogical arguments presented and ensure a fair and reasonable resolution consistent with the rights of all victims.

**Bitfinex is not the owner**

- Bitfinex is responsible for making the theft possible through circumventing the unhackable trustee-structure called "MultiSig Wallets", So that Bitfinex' responsibility is practically inseparable from the theft, so that it is very important to establish the term **"Multi-Signature Wallet"** in this case. It is a very critical factor. *"The backup key is broken up into multiple parts and requires multiple agents of Bitfinex in order to reconstruct it."*
https://web.archive.org/web/20160609181027/https://www.bitfinex.com/terms
- Bitfinex wasn't willing to responsibly take debt immediately in 2016 but multiplied the number of victims through taking coins away from all poorer and less active owners confirming they willingly used keys programmatically, which should have required a group of manual trustees.
- Bitfinex could get $14.2 Million + interest, if all victims were to pay for the tokens that Bitfinex once credited as a company-valuation experiment and to avoid bankruptcy of one of their businesses,
if this was chosen, despite it said:
"Tokens will be distributed **without** release or waiver."
https://web.archive.org/web/20170814110637/https://www.bitfinex.com/posts/129
"BFX tokens started trading on Bitfinex at less than $0.20"
https://www.bitfinex.com/posts/746    (while preceding and succeeding announcement 124 & 130 have been deleted)

**In other words:**
1. If a postman illegally opens parcels and loses the items, does that mean the items should be returned to him?  Should he worsen matters, by opening even more from other people to "replace" some?
2. What if he also hides the recipient-labels?
*(Instead of a parcel, MultiSignature wallets are a cryptography equivalent of an unbreakable safe.)*

### Requests for Action:  Require Victim Outreach Before any Asset Release

We hope Bitfinex must first, and for the first time prove cooperation and contact all victims via eMail, SMS and partially postal mail, which Bitfinex has failed to do. Which demonstrates the conflict of interest and the need for separation of powers in their tale.. Instead of only setting their own rules high-handedly in their favor. 2016 it tragically was "the wild west" of crypto, unlike 2025. We respectfully urge the Department of Justice and all relevant authorities to take the necessary steps to protect victims' rights, investigate Bitfinex's role, and prevent the potential perpetuation of harm.

*As victims, we cannot endure the emotional distress of remembering Bitfinex, let alone interacting with them.,*

*We respectfully urge the Department of Justice and all relevant authorities to take the necessary steps to protect victims' rights, investigate Bitfinex's role, and prevent the potential perpetuation of harm.*

### Pray for Relief

Almost every single day I have felt pain and shame not to follow my calling in this space.
What is the price to ensure food, justice and equality in one life? 0.1 Bitcoin? - Probably less.
- This was conceptually very predictable.
My spirit has been broken since.
If all 94000 Bitcoins were given to the wrong entity, to an entity they did not legally come from, it would be the wrong signal, a tragic precedent and a de-facto crime. It would be a giant tragedy.
My plea to the honorable Judge is for help to end this injustice and bring about restoration and justice.

Thank you very much for your time and attention.

Respectfully submitted,

Pro Se Victims' Representative

Jonas Paasch
700 Dovercourt Dr Unit 31 #163
Winnipeg, MB R3Y 1X5 Canada
Phone: 0017735414671
jonas-paasch@proton.me

**CERTIFICATE OF SERVICE**

    I, Jonas Paasch, hereby certify that on this 28th day of January, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated below:

**CAHILL GORDON & REINDEL LLP**

1. **Anirudh Bansa** — abansal@cahill.com
2. **Angela F. Collins** — acollins@cahill.com
3. **Jason Michael Ecker** — jecker@cahill.com
4. **Samson Enzer** — SEnzer@cahill.com
5. **Kiersten A. Fletcher** — kfletcher@cahill.com

**U.S. DEPARTMENT OF JUSTICE**

1. **Rick E. Blaylock, Jr.** — rick.blaylock.jr@usdoj.gov
2. **Christopher Brodie Brown** — Christopher.Brown8@usdoj.gov
3. **Jessica Peck** — jessica.peck@usdoj.gov
4. **Catherine Pelker** — catherine.pelker@usdoj.gov
5. **Jolie Zimmerman** — jolie.zimmerman@usdoj.gov

**METHOD OF SERVICE**

The foregoing document was served via email.