UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ILYA LICHTENSTEING and HEATHER MORGAN,<br><br>Defendants. | **Criminal No. 23-239 (CKK)** |

**ORDER**
(February 14, 2025)

This case involves two defendants who have been sentenced by this Court on money laundering charges. A restitution order has not yet been entered by this Court although – in their Plea Agreements – both Defendants identified Bitfinex as a voluntary victim for purposes of restitution because defendant Lichtenstein admittedly hacked Bitfinex accounts. To date, the Government has taken the position that there are no victims, as defined by the Mandatory Victims Restitution Act, but that third parties may have claims against the Defendants' forfeited assets, which can be pursued through an ancillary proceeding. The forfeited assets are set forth in the Second Amended Preliminary Order of Forfeiture. *See* Second Amended Preliminary Order of Forfeiture, ECF No. 195-1.

On November 21, 2024, this Court entered its [185] Order granting the parties' Consent Motion to Schedule a Restitution Hearing. A hearing was set for February 21, 2025, although that date was vacated by Minute Order dated February 11, 2025, and the hearing will be rescheduled later. Because this matter involves claims by third parties that may conflict with each other, the Court has asked for supplemental information from the Government relevant to the issue of

1

restitution prior to holding any hearing and thereby necessitating a rescheduling of the restitution hearing.

In the November 21, 2024 Order, the Court set out the following deadlines: (1) the Government was to file its Supplemental Restitution Memorandum by January 14, 2025; (2) **any third parties were to file any Motions to Intervene or Objections by January 28, 2025**; (3) Defendants were to file any Response by February 7, 2025; and (4) the Government was to file its Reply by February 14, 2025 (although the Court notes that its [247] Memorandum Opinion and Order dated February 10, 2025 directs the Government to respond to several issues with supplemental briefing by February 21, 2025).

To date, the Court has received several motions (relating to alleged victim status for purposes of restitution) and petitions (relating to ancillary proceeding claims) by third parties. Because many of these documents were filed by parties who are acting *pro se*, the Court has been lenient in granting leave to file all manner of documents. The Court notes that the deadline for filing **motions** and **objections** was met by all third parties, but that an **ancillary petition** was received today, with a service date of February 10, 2025. Recognizing that there was no separate/specific deadline set for **ancillary petitions**, as opposed to **motions** and **objections**, this Court has granted leave to file that petition. At this point, however, it is over two weeks past the January 28, 2025 deadline for filing motions to intervene and/or objections, and therefore, for purposes of proceeding expeditiously with the restitution hearing and ancillary proceeding, this Court sets a final deadline of Wednesday, February 19, 2025, for the filing of any **ancillary**

petitions by third parties who have not previously filed anything with the Court. Accordingly, it is this 14th day of February 2025,

ORDERED that, for third parties who have not filed anything with the Court, the final deadline for filing any ancillary petition is **February 19, 2025**.

_____<br>
COLLEEN KOLLAR-KOTELLY<br>
UNITED STATES DISTRICT JUDGE