LEAVE TO FILE GRANTED

*Judge CK die-Kelly  2/21/25*

**Assistant United States Attorney Rick**
**Blaylock, 601 D Street, N.W., Washington, DC 20530.**

## REMISSION PETITION

Petitioner Jonas Paasch respectfully submits this Remission Petition pursuant to **28 C.F.R. Part 9** for the recovery of his stolen Assets and to help the case **Criminal No. 23-CR-239 (CKK)** (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA: UNITED STATES OF AMERICA v. ILYA LICHTENSTEIN, et al. )

**1. Petitioner's Property:** See Petitioner's Ancillary Petition

**2. Fairness:** Debt-Redistribution caused many extra victims which makes a modification to the heist (not restitution), dissolving their multi-signature wallets non-consensually too.
No vote was held. The top 2072 victims didn't necessarily enjoy being entangled in the accounting of tainted debt: "*If you are unethical .... that doesn't mean I have to be either.*" *soundcloud.com/user-173875295/bitfinex-itself-will-not-be-taking-a-haircut*
 – Thus many victims have public blockchain-proof, yet against the company right after the heist, not against the defendant, while the company has stated unwillingness to reverse it.  So that applying the MVRA could tidy this and enable justice, without the honorable DOJ relying on the company too.
*If* their rights to full restitution by the MVRA (b)(1)(A) or (B) and CVRA(6) would be disregarded. – And *if* their rights from August 2 to 10 would also be disregarded, despite the lost opportunity to mitigate August 2's market crash, which was also one of the biggest opportunities, considering skill and minimal competition at the time *4.* and *Ex. C4* – and *if* debt-redistribution won't be deemed 'modification of the heist'   – , then they could lose the rights unjustly and it could serve justice, if the honorable DOJ could still delay forfeiture[1]  and base Restitution on the full amounts[2]

---

[1] Courts have prioritized returning assets to rightful owners over forfeiture: "Forfeiture statutes are not intended to strip innocent owners of their property rights, and claimants with legitimate interests must be given the opportunity to reclaim their assets." *United States v. 92 Buena Vista Ave., 507 U.S. 111 (1993)* – "Forfeiture must be proportional and cannot be so excessive that it violates the Eighth Amendment; the government may not confiscate property beyond what is justified by the offense." *- United States v. Bajakajian, 524 U.S. 321 (1998)* – "The government's forfeiture powers do not override the fundamental principle that property should be returned ..." *United States v. U.S. Currency, 354 F.3d 108 (2nd Cir. 2003)*

[2] "Restitution under the MVRA must include all directly provable financial losses suffered by the victim, regardless of partial reimbursement from third parties." *- Lagos v. United States, 138 S. Ct. 1684 (2018)*   "The MVRA requires restitution to be based on the full amount of each victim's loss, without regard to compensation from other sources." *- United States v. Martinez, 978 F.3d 1316 (11th Cir. 2020)*   "Restitution is determined by the harm suffered by the victim, even if they later recovered a portion of their loss." *- People v. Fulton, 109 Cal.App.4th 876 (2003)*

**3. Systemic Remission:**   The crime meets criteria for systemic harm (United States v. Morales, 2 F.3d 40, 45 (2d Cir. 1993) as it occurred in a small market and caused disproportionate damage, still affecting the 100s of times larger market today.

**4. Broad harm:**  August 2. 2016 represents a momentous point in crypto history, when theft took over once more and turned the markets upside down (with perpetually compounding consequences) (If anybody could Insider-trader such a heist, they could yield a similar amount as the thief *Ex. C2, shows high volume during August 2. crash*)  -  August 2. came within the aftermath of a previous similar-sized heist 'The DAO' (June 17, 2016)  – Luckily developers of the underlying network 'Ethereum' fulfilled minimal governance undoing that heist.   Yet July 20, 2016, the fork ETC was started at the sole occasion, not to accept this minimal governance, rewarding the previous theft  *Ex. C3)*

– "Crypto-assets are bringing about instability and insecurity – the exact opposite of what they promised. They are creating a new Wild West." Gensler, G. (2021), Remarks Before the Aspen Security Forum, U.S. Securities and Exchange Commission  ( – While underlying networks have intrinsic utility, this quote applies well to Tokens which rely on trust and popularity.) – In 2025, exchanges have started suspending the use of Stablecoins "The new legal framework [MiCA] will support market integrity and financial stability" esma.europa.eu/esmas-activities/digital-finance-and-innovation/markets-crypto-assets-regulation-mica

**5. Personal harm:** *See* ECF-173 p. 13 'Introduction','Impact',  ECF-235 'Prayer for relief'  – On August 2, 2016 Petitioner suffered immediate shock and fear. Petitioner had found a calling in trading and wanted to keep the responsibility to stabilize the markets, yet his capital was gone. –  "Disproportionate financial harm suffered by victims warrants full restitution" *(United States v. Catoggio, 326 F.3d 323, 327 (2d Cir. 2003). (Fair, 699 F.3d 508, Victims impacted by the crime's earliest and most intense effects should be prioritized.) (Karam, 201 F.3d 320)*  – With such news, friends and lenders gave up on crypto. After each heist it was inherently harder to restart and impossible to catch up and unsettling to rely on service, which could decide to steal any moment. In 2016 repeated success and theft both had exponential consequences: Several of Petitioner's neighbors in the Leaderboard *Ex. C4.* were unaffected, earning 1000s of Bitcoins in 2017 amidst low competition. – To make it worse, Petitioner's greatest investment (in Ethereum) was stolen prior ('cryptsy.com', January 2016) *Ex. D2.* (from a hot wallet). – Had one of these crimes been prevented, the petitioner would not have suffered as compounding, opportunity-stealing, shattering effects. Petitioner couldn't foresee nor endure this repeatedly taking his full effort and peace. Thus Petitioner has since suffered from chronic pain and underweight.

Petitioner pleads to the honorable DOJ, that the remission processes or other relief recognize him and other victims, whose BTC were stolen and respectfully expresses gratitude to the honorable DOJ for their consideration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 19, 2025.

Pro Se Victim
Jonas Paasch
jonas-paasch@proton.me
Phone: 0017735414671
700 Dovercourt Dr Unit 31 #163
Winnipeg, MB R3Y 1X5 Canada

**CERTIFICATE OF SERVICE**

I, Jonas Paasch, hereby certify that on this 19th day of February, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated:

**INTERVENORS**

    **JOHN DOE**

        **1. David Bitkower**    dbitkower@jenner.com

    **XYZ INC**

        **1. Aitan D. Goelman**    agoelman@zuckerman.com

        **2. Christopher R MacColl**    cmaccoll@zuckerman.com

    **Louis (Maria Andrea) Zuijderwijk**    louissls@xs4all.nl, le.zuijderwijk@gmail.com

    **Francisco Cavazos**    FrankieCavazos@outlook.com

    **Rafal Bielenia**    rafal@bielenia.pl

**MOVANTS:**

    **Hjalmar Peters, Allan Newman, Dolan Harrington, Christian Dressler, Juergen Lankat**

    **James Donald Sadowski**    jds@gdllaw.com

**U.S. DEPARTMENT OF JUSTICE**

    **1. Rick E. Blaylock, Jr.**    nck.blaylock.jr@usdoj.gov

    **2. Christopher Brodie Brown**    Christopher.Brown8@usdoj.gov

    **3. Jessica Peck**    jessica.peck@usdoj.gov

    **4. Catherine Pelker**    catherine.pelker@usdoj.gov

    **5. Jolie Zimmerman**    jolie.zimmerman@usdoj.gov

METHOD OF SERVICE
The foregoing document was served via email.