**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>Defendants. | Case No.  23-cr-239 (CKK) |

**MOTION FOR LEAVE TO FILE**
**OUT OF TIME MOTION TO INTERVENE AND ANCILLARY PETITION**
**PSEUDONYMOUSLY AND PARTIALLY UNDER SEAL**

Movant, Richard Roe, through undersigned counsel, respectfully requests leave to file the Motion for Leave to File Out of Time Motion to Intervene and Verified Ancillary Petition pursuant to 21 U.S.C. § 853(n) (collectively, the "Motion") under seal, and to file public versions of the Motion and any other documents that Movant files in connection with the Ancillary Proceedings pseudonymously with limited redactions of only account and/or wallet numbers and transaction identifiers.  In support of this motion, Movant states as follows:

**INTRODUCTION**

1. Movant's Bitcoin at issue in this case is valued in the tens of millions of dollars.  In light of the substantial assets at issue, the highly-sensitive and confidential nature of information contained in the Motion and in filings to be made by Movant in connection with the Ancillary Proceedings, and the undue risk of physical and financial harm that may arise from public disclosure of such sensitive confidential information, Movant respectfully seeks to limit public disclosure of (i) Movant's identity and (ii) Movant's account and transaction numbers/identifiers.

2. Pursuant to this Court's Omnibus Memorandum Opinion and Order (March 10, 2025), Movant is not seeking to redact the total asset amounts being claimed and he will disclose any redacted information to any other petitioners in the third-party ancillary proceeding whose claims may be in competition with Movant and who may have knowledge as to the validity of Movant's claims. ECF No. 278 at 11.

### STANDARD

3. "The decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Fiorentine v. Sarton P.R., LLC*, Civil Action No. 19-3424 (CKK), 2020 U.S. Dist. LEXIS 140114, at *2-3 (D.D.C. Aug. 6, 2020) (quoting *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980)).

4. Although there is a "strong presumption in favor of public access to judicial proceedings," *id.*, this Circuit has "repeatedly recognized" that "competing interests may outweigh the strong presumption favoring disclosure." *CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021).

5. In determining whether a party may proceed pseudonymously, this Circuit has weighed the following competing interests: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *In re*

*Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019). A court should not "engage in a wooden exercise of ticking the five [factors]," but instead "consider[] the factors relevant to the case before it." *Id.*

## ARGUMENT

6. Here, the first, second, fourth and fifth factors are relevant factors, and all strongly weigh in favor of permitting Movant to proceed pseudonymously and with the requested limited redactions.

7. As to the first and second factors, Movant seeks to keep confidential only two items: (i) Movant's identity and (ii) Movant's account and transaction numbers. Account and transaction information is generally considered to be highly-sensitive financial data, which, when coupled with Movant's identity, could expose Movant—an innocent non-party to this case—to undue risks of physical- and cyber-attacks.

8. Numerous courts have recognized the need to redact accountholders' names to reduce the undue risk of being targeted, particularly in the cryptocurrency world. *See In re Genesis Global Holdco, LLC*, 652 B.R. 618, 621-625 (Bankr. S.D.N.Y. 2023) (noting "publication of names alone has been found to heighten the risk of identity theft and other harm"); *In re Clover Techs. Grp., LLC*, Case No. 19-12680, Hr'g Tr. 24:21-25 (Bankr. D. Del. Jan. 22, 2020) ("To me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website."); *In re FTX Trading Ltd.*, No. 22-11068, ECF No. 1612 (Hr'g Tr.), at 157 (Bankr. D. Del. June 9, 2023) (crediting testimony that "a name and [the fact that] they are an FTX customer, they can be targeted, and that is what we need to protect here").

9. And there are ample reports of malicious actors targeting cryptocurrency owners—*see, e.g.,* Business Insider, *Kidnapped for Crypto: Criminals See Flashy Crypto Owners as Easy Targets, and it has Led to a Disturbing String of Violent Robberies* (Feb. 9, 2022), https://www.businessinsider.com/crypto-nft-owners-targeted-kidnaps-home-invasions-robberies-2022-2; Federal Trade Commission, *What To Know About Cryptocurrency and Scams* (May 2022), https://consumer.ftc.gov/articles/what-know-about-cryptocurrency-and-scams—further cautioning against public disclosure of names of accountholders who, like Movant, have significant cryptocurrency holdings.

10. As to the fourth and fifth factors, there is no compelling need of the Government to publicly disclose Movant's identity or account and transaction information. For purposes of the Ancillary Proceeding, the issue will not be any act or omission of any party. Nor will it raise any inherit unfairness of a party proceeding pseudonymously while another is named. *Cf. See Roe v. Doe*, 319 F. Supp. 3d 422, 429 (D.D.C. 2018). Rather, the sole issue in the Ancillary Proceedings will be ownership of at-issue property. Defendants have relinquished any claim they may have had to such property, and the Government will not suffer any prejudice from Movant proceeding pseudonymously and with redactions to financial information, particularly where the unredacted filings and underlying documentary evidence is and/or will be available to the Government.

\*     \*     \*

WHEREFORE, for the foregoing reasons, Movant respectfully requests that the Court grant Movant leave to file the Motion and other documents that Movant files in this case pseudonymously and under seal, with Movant's name and account and transaction numbers and identifiers redacted from all publicly filed copies.

| | |
|---|---|
| Dated: April 21, 2025 | GREENSTEIN DELORME & LUCHS, P.C.<br><br>By: */s/ James D. Sadowski*<br>James D. Sadowski, DC Bar #446635<br>801 17th Street, N.W., Suite 1000<br>Washington, D.C. 20006<br>Phone:  202.452.1400<br>Fax:  202/452/1410<br>Email:  jds@gdllaw.com<br><br>*Local Counsel for Movant Richard Roe*<br><br>DAVIS+GILBERT LLP<br>Joseph Cioffi<br>H. Seiji Newman<br>Joel Melendez<br>Adam Levy<br>1675 Broadway<br>New York, NY 10019<br>212-468-4800<br>jcioffi@dglaw.com<br>hnewman@dglaw.com<br>jmelendez@dglaw.com<br>alevy@dglaw.com<br><br>*Counsel for Movant Richard Roe* |