UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>Defendants. | Case No.  23-cr-239 (CKK) |

**REDACTED MOTION TO FILE OUT OF TIME MOTION TO INTERVENE
AND VERIFIED ANCILLARY PETITION**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B) & 24(a)(2) and Local Criminal Rule 57.6, Movant Richard Roe ("Roe"), by and through his undersigned counsel, respectfully submits this motion to file an out of time motion to intervene and the verified ancillary petition annexed hereto as **Exhibit 1**, pursuant to 21 U.S.C. § 853(n), for an order determining his interest in property that is subject to forfeiture under the Second Amended Preliminary Order of Forfeiture, dated November 14, 2024, ECF. No. 178 (the "Preliminary Forfeiture Order").

## INTRODUCTION

1.      As more fully set forth in his verified ancillary petition, Roe has an interest in property that is subject to forfeiture under the Preliminary Forfeiture Order and the disposition of this case may as a practical matter impair his ability to protect those interests.  Although this motion is submitted out of time, Roe meets the standard for "excusable neglect" under Rule 6(b)(1)(B).

2.      On or about August 2, 2016, as a result of the hacking of Bitfinex and money laundering scheme perpetrated by Defendants Ilya Lichtenstein and Heather Morgan, Roe lost 494.04048966 Bitcoin (the "Lost Assets"), which today is worth more than $41 million USD.  If

Roe is permitted to submit his ancillary petition, he will have the third largest third-party accountholder claim in the ancillary proceeding. *See* Memorandum Opinion, dated April 4, 2025, ECF No. 300 (the "April 4 Order"), at 18 n.11 (detailing claim amounts of 16 third-party accountholder petitioners).

3. Defendants accomplished this theft by directly transferring the Lost Assets from Roe's own Bitcoin wallets on a cryptocurrency exchange into Defendants' virtual wallet.

4. Accordingly, Roe has a legal interest in the forfeited property, as set forth in the Court's recent Memorandum Opinion, because he is able to "demonstrate that [his] accounts were included among those Bitfinex accounts that were hacked," and Petitioner was "harmed as a direct result of the hack." April 4 Order at 16-17.

5. The Government stated that on December 17, 2024, it began publishing "notice of the [forfeiture] order" and "sen[t] notice to any person who reasonably appear[ed] to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Government's Supplemental Motion Regarding Restitution, dated Jan. 14, 2025, ECF No. 202, at 5 (citing Fed. R. Crim. P. 32.2(b)(6)(A)).

6. Roe never received any notices from the Government regarding this proceeding.

7. On February 14, 2025, the Court issued an order (the "February 14 Order") setting February 19, 2025, as the deadline for third-party petitioners to file any ancillary petitions. *See* ECF No. 250.

8. Roe only recently became aware of his right to file an ancillary petition in this proceeding – after engaging the undersigned counsel – to seek the return of his stolen assets stolen.

**STANDARD**

9. To file a motion out of time, a Plaintiff must show "excusable neglect." *Woods v. District of Columbia*, No. 20-0782 (CKK), 2022 U.S. Dist. LEXIS 233230, at *7-8 (D.D.C. Dec. 29, 2022) (citation omitted). Four factors guide the Court's determination of when a late filing may constitute "excusable neglect": (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See, e.g.*, *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

10. Here, each of these factors are satisfied.

**ARGUMENT**

11. ***First*, Roe's delay here is in good faith and excusable – thus, the third and fourth factors are met.** Roe has an extreme work schedule as a **[REDACTED]** at the **[REDACTED]**. *See* Affidavit of Richard Roe, dated April 21, 2025 (the "Roe Aff."), at ¶ 2. It is not uncommon for him to work over 100 hours per week. *Id*. at ¶ 3.

12. Although he periodically checked for updates related to the Bitfinex hack, given his massive loss, he was unaware of any opportunity to assert his rights in the forfeiture proceeding until now, as it has not been widely publicized in the U.S. news. Roe Aff. at ¶¶ 5-8.

13. Even though Federal Rule of Criminal Procedure 32.2(b)(6)(A) requires the Government to "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding," Roe never received any

3

notice regarding the Preliminary Forfeiture Order (or any other notice). *See* Roe Aff. at ¶ 11. The Government has acknowledged that "there are potentially thousands of [Bitfinex] accountholders whose accounts lost value in 2016 as a result of [the] hack [and] [t]he government has attempted to locate those [accountholders], including by requesting a list of all accountholders from [Bitfinex], but such efforts have been unsuccessful." April 4 Order at n.2 (citing Consent Mot., ECF No. 141 at 6-7). At a minimum, Bitfinex should have provided – but apparently did not – the Government with the last known email addresses of all of its customers so that notice to them could have been attempted.

14. The February 14 Order setting the February 19, 2025 deadline for filing ancillary petitions does not appear posted to the Government's website. And, the order is not easily locatable on the web (especially for individuals without experience navigating court dockets).

15. Roe only became aware of his opportunity to participate and assert his rights by chance, through a Reddit post,[1] when his schedule eased up. *See* Roe Aff. at ¶ 8. Roe only fully understood his legal right to file an ancillary petition after engaging with the undersigned counsel during the week of April 14, 2025. *See id.*; *see also Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, No. 1:09-cv-00901, 2010 U.S. Dist. LEXIS 16703, at *9, 12 (E.D. Cal., Feb. 3, 2010) (granting Rule 6(b)(1)(B) motion for two-month delay where, *inter alia*, claimant "was not aware of the need to file" until consulting with legal counsel); *FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835, 836, 840 (D.C. Cir., 2006) (finding, in Rule 60(b) context, that appellee's two-month "neglect in the delay of its response to the motion to execute

---

[1] *See* https://www.reddit.com/r/CryptoCurrency/comments/1hstrm4/to_all_2016_bitfinex_hack_victims/ (last accessed April 21, 2025). The undersigned law firms had no involvement in any manner with this post.

was excusable" where party "secured counsel only one day after receiving its first actual notice, filing its motion to quash less than four weeks later").

16. Further, there is no evidence of any bad faith by Roe.

17. ***Second*, Roe's ancillary petition will not prejudice a single other party – thus, the first factor is met.** The ancillary proceeding has not even started. Roe's fully completed petition is submitted herewith, and he is ready and prepared to participate.

18. In addition, the Government has seized more than 94,000 Bitcoin, among other assets, which is more than sufficient to satisfy each of the other 16 accountholder petitioner claims. *See* April 4 Order at 18 n.11; *see also Kingsburg Apple Packers, Inc.*, 2010 U.S. Dist. LEXIS 16703, at *9, 12-13 (granting Rule 6(b)(1)(B) motion where "it will have a minimal impact on other claimants' prospects for full recovery").[2]

19. Yet, barring Roe from participating in the ancillary proceeding would cause him and his family extreme prejudice, irrevocably impairing his ability to protect his interest in his stolen assets worth more than $41 million. As noted, if permitted to participate, Roe will have the third largest third-party accountholder claim in the ancillary proceeding. *See* April 4 Order at 18 n.11.

20. ***Last*, Roe's delay is minimal – thus, the second factor is met.** Regarding the second factor – the length of delay and its potential impact on judicial proceedings – Roe's two-month delay is minimal, particularly given that this Court's April 4 Order describing the purpose of the ancillary petition was issued barely two weeks ago, *see* ECF No. 300, and Roe engaged

---

[2] Roe is also willing to consent to a reasonable extension of the deadline for any motions to dismiss pursuant to Federal Rule of Criminal Procedure 32.2, which was currently set for April 21, 2025. *See* Minute Order, dated April 4, 2024.

counsel just a few days prior to submitting this motion (and he has not missed any deadlines set in the ancillary proceeding). *See* Roe Aff. at ¶ 8.

21.     In numerous comparable circumstances, courts have found excusable neglect for two-month and/or longer periods of delay. *See, e.g.*, *Clark v. District of Columbia*, No. 23-1564 (RDM), 2024 U.S. Dist. LEXIS 112268, at *61 (D.D.C., June 26, 2024) (finding excusable neglect under Rule 6(b)(1) for almost eight month delay where "[d]efendants have suffered no meaningful prejudice, the delay has had little or no effect on the proceedings, and there is no reason to believe that [p]laintiffs have acted in bad faith or to obtain a strategic advantage of some type"); *Beecham v. XPO Logistics*, No. 2:18-CV-02641-JAR-GEB, 2019 U.S. Dist. LEXIS 78141, at *4-5 (D. Kan., May 8, 2019) (granting Rule 6(b)(1)(B) motion where "a delay of less than two months was 'relatively innocuous,'" and "a scheduling order has not yet been entered, so the delay will have a relatively minimal impact on this litigation"); *Chambers v. Brown*, No. 1:24CV562, 2025 U.S. Dist. LEXIS 36001, at *9, 14 (M.D.N.C., Feb. 28, 2005) (finding excusable neglect where "[t]he delay was slightly more than two months," and "this Court has not set a date for trial or any hearings in this case"); *see also Kingsburg Apple Packers, Inc.*, 2010 U.S. Dist. LEXIS 16703, at *9-13 (finding excusable neglect in context of two month delay); *FG Hemisphere Assocs.*, 447 F.3d at 836, 840 (same).

\*          \*          \*

WHEREFORE, for the foregoing reasons, Roe satisfies the standard for excusable neglect pursuant to Rule 6(b)(1)(B) and, accordingly, respectfully requests that the Court permit him to intervene in this case to submit his verified ancillary petition annexed hereto as **Exhibit 1**, together with such other and further relief as the Court deems just and proper. A proposed order is annexed hereto as **Exhibit 2**.

Dated: April 21, 2025  GREENSTEIN DELORME & LUCHS, P.C.

By: */s/ James D. Sadowski*
James D. Sadowski, DC Bar #446635
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone:  202.452.1400
Fax:  202/452/1410
Email:  JDS@gdllaw.com

DAVIS+GILBERT LLP
Joseph Cioffi
H. Seiji Newman
Joel Melendez
Adam Levy
1675 Broadway
New York, NY 10019
212-468-4800
jcioffi@dglaw.com
hnewman@dglaw.com
jmelendez@dglaw.com
alevy@dglaw.com

*Counsel for Movant Richard Roe*