UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ILYA LICHTENSTEIN and HEATHER MORGAN,<br><br>Defendants. | Criminal No. 23-239 (CKK) |

**ORDER**
(May 20, 2025)

This case involves several third-party Petitioners – some represented by counsel and others acting *pro se* – who claim an interest in property that was forfeited during a criminal proceeding. This Court has determined previously that all interests in the property at issue will be determined through an ancillary forfeiture proceeding. *See* Memorandum Opinion, ECF No. 300 and Order, ECF No. 299 (denying restitution because of complex restitution issues). Recently, the Court set a schedule for the filing of any motions to dismiss, which are now ripe and will be decided in due course. Also pending before this Court are several miscellaneous motions and other documents filed by various Petitioners, including, *inter alia*, a motion to file a petition out-of-time (and opposition thereto), which will be decided by this Court. The Court notes that the recent rash of filings by Petitioners has made the docket unwieldy for the Clerk's Office, chambers, the Government, and Petitioners in this case, and as such, the purpose of this Order is to proffer guidance so that this filings in this case may be made in a more efficient manner.

First, the Court notes that it recently denied leave to file a motion for summary judgment by one *pro se* Petitioner who sought leave to file. As previously noted, this Court set a schedule

1

for motions to dismiss, *see* Minute Order dated April 24, 2025, and such motions have yet to be ruled upon. Accordingly, motions for summary judgment are premature at this stage of the proceeding, and they will not be accepted for filing. Second, the filing of any Notices of "Readiness for Ancillary Hearing" (asking for an individual ancillary hearing), *see* ECF No. 318, or similar documents is unnecessary and unwelcome, as are the filing of any responses thereto, *see* ECF No. 332, and as such, those documents will be ordered stricken from the docket. Considering judicial efficiency and economy, the Court intends to proceed with a consolidated third-party forfeiture ancillary proceeding to determine all claims to the forfeited property.

Third, the Court has previously ruled on several motions to seal and proceed pseudonymously, with the effect that some Petitioners are proceeding under pseudonym and/or redacting personally identifiable information (PII). *See* Omnibus Memorandum Opinion and Order, ECF No. 278 ("Sealing Order") (clarifying what information may be redacted). As such, when pleadings are filed by Petitioners who are represented by counsel, a redacted version of their pleadings (consistent with the Sealing Order) shall be submitted for filing first, to be followed by a sealed unredacted version that will be accessible to the Court. Counsel need not request leave to file the sealed version but shall indicate that it is a sealed version of the redacted document that was filed.

When pleadings are filed by Petitioners who are acting *pro se*, they will initially be docketed as "court only" until the Court can review the document to see if any redactions (consistent with the Sealing Order) are necessary before a public version is put on the docket.

Fourth, while the Court has been providing to the *pro se* Petitioners (via e-mail) copies of Orders that affect all Petitioners in this case, it is the responsibility of Petitioners who are

2

represented by counsel to provide courtesy copies of their pleadings to all Petitioners, including those who are acting *pro se,* and as such, a list of e-mail addresses of *pro se* Petitioners will be provided by chambers to all counsel of record. These e-mails of these *pro se* Petitioners are not to be shared outside of this litigation, and any "certificates of service" need state only that copies were provided to "all Petitioners" without publicly identifying the individual e-mail addresses of the *pro se* Petitioners.

A copy of this Order will be e-mailed to all Petitioners who are acting *pro se*.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE